SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division

BEVERLY LI
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 353-9213
Fax: (202) 305-0506
beverly.li@usdoj.gov

RONALD C. MACHEN
United States Attorney

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL CENTER FOR TECHNOLOGY ASSESSMENT, and CENTER FOR FOOD SAFETY,

Plaintiffs,

v.

COUNCIL ON ENVIRONMENTAL QUALITY and MICHAEL BOOTS, ACTING CHAIR, COUNCIL ON ENVIRONMENTAL QUALITY,

Defendants.

Case No. 1:14-CV-00549-RBW

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

INTRODUCTION .......... 1

I. BACKGROUND .......... 1

A. Administrative Procedure Act .......... 1

B. CEQ's Responsibilities .......... 2

C. ICTA Petition .......... 2

D. CEQ's Response to the Petition .......... 2

II. ARGUMENT .......... 3

CONCLUSION .......... 7

**TABLE OF AUTHORITIES**

*21st Century Telesis Joint Venture v. FCC*,
318 F.3d 192 (D.C. Cir. 2003)....4

*Beethoven.com LLC v. Librarian of Cong.*,
394 F.3d 939 (D.C. Cir. 2005)....4

*Burlington N. R.R., v. Surface Transp. Bd.*,
75 F.3d 685 (D.C. Cir. 1988)....4

**California Native Plant Society v. Norton*,
311 F. Supp. 2d 9 (D.D.C. 2004)....4, 5

*Church of Scientology of Cal. v. United States*,
506 U.S. 9 (1992)....4

*City of Erie v. Pap's A.M.*,
529 U.S. 277 (2000)....4

*Conservation Force, Inc. v. Jewell*,
733 F.3d 1200 (D.C. Cir. 2013)....5

**Conservation Force v. Salazar*,
715 F. Supp. 2d 99 (D.D.C. 2010)....6, 7

**Conyers v. Reagan*,
765 F.2d 1124 (D.C. Cir. 1985)....6

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008)....4

*DeFunis v. Odegaard*,
416 U.S. 312 (1974)....4

**Flast v. Cohen*,
392 U.S. 83 (1968)....4, 6

*Franks v. Salazar*,
816 F. Supp. 2d 49 (D.D.C. 2011)....5

*Friends of Animals v. Salazar*,
670 F. Supp. 2d 7 (D.D.C. 2009)....5

*Fund for Animals, Inc. v. Hogan*,
428 F.3d 1059 (D.C. Cir. 2005)....6

*Fund for Animals v. Williams*,
311 F. Supp. 2d 1 (D.D.C. 2004)....5

*Garcia v. Winter*,
692 F. Supp. 2d 1 (D.D.C. 2010)....5

*Honig v. Doe*,
484 U.S. 305 (1988)....3

*McBryde v. Comm. to Review*,
264 F.3d 52 (D.C. Cir. 2001)....4

*Mills v. Green*,
159 U.S. 651 (1895)....4

*Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*,
680 F.2d 810 (D.C. Cir. 1982)....5, 6

*Pac. Legal Found. v. Council on Envtl. Quality*,
636 F.2d 1259 (D.C. Cir. 1980)....2

*Preiser v. Newkirk*,
422 U.S. 395 (1975)....3, 6

**CONSTITUTIONS**

U.S. Const. art. III, § 2....3

**STATUTES**

5 U.S.C. § 551....1

5 U.S.C. § 553(e)....1

5 U.S.C. § 555(e)....1, 2

42 U.S.C. §§ 4341-47....2

42 U.S.C. § 4344....2

42 U.S.C. §§ 4372-75....2

**REGULATIONS**

40 C.F.R. §§ 1500-1508....2

## INTRODUCTION

Plaintiffs' claims are now moot and should be dismissed. On August 7, 2014, the Council on Environmental Quality ("CEQ") responded to Plaintiff International Center for Technology Assessment's ("ICTA") 2008 Petition ("Petition"), which had requested that CEQ amend its regulations under the National Environmental Policy Act ("NEPA") and issue NEPA guidance regarding greenhouse gas ("GHG") emissions and climate change impacts.[1] Plaintiffs ICTA and the Center for Food Safety[2] allege in their Complaint that CEQ has failed to timely respond to the Petition in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and seek an order requiring CEQ to respond to the petition, as well as declaratory relief. Compl. at 26-27 (ECF No. 1). Because CEQ has responded to the Petition, the controversy in this case regarding failure to respond to the Petition is no longer live, and this Court can grant no effective relief. Therefore, Plaintiffs' claims regarding the failure to respond to the Petition are now moot, and this case must be dismissed.

## I. BACKGROUND

### A. Administrative Procedure Act

The APA provides an interested person with "the right to petition for the issuance, amendment, or repeal of a rule." 5 U.S.C. § 553(e). "Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding." 5 U.S.C. § 555(e). "The notice shall be accompanied by a brief statement of the grounds for denial." *Id.*

---

[1] Although the Natural Resources Defense Council and Sierra Club were also signatories to the Petition, they are not parties to this lawsuit.
[2] This brief will not address the legal implications of the fact that the Center for Food Safety was not a signatory to the Petition, but will focus solely on the mootness question.

**B. CEQ's Responsibilities**

In 1969 when Congress enacted NEPA, CEQ was established within the Executive Office of the President. 42 U.S.C. §§ 4341-47. "NEPA directs [CEQ] to assist and advise the President . . . , to prepare and submit to the President studies regarding environmental conditions and trends, to review and appraise federal programs that affect the environment and to make recommendations to the President thereon, and to recommend national environmental policies to the President." *Pac. Legal Found. v. Council on Envtl. Quality*, 636 F.2d 1259, 1262 (D.C. Cir. 1980) (citing 42 U.S.C. § 4344). "NEPA also directs [CEQ] generally to conduct environmental research and to monitor environmental trends." *Id.* The Environmental Quality Improvement Act of 1970 added to CEQ's responsibilities. 42 U.S.C. §§ 4372-75. In 1977, Executive Order No. 11991 (May 24, 1977) directed CEQ to issue regulations to federal agencies for implementing the procedural provisions of NEPA. CEQ issued NEPA regulations applicable to all federal agencies in 1978. 40 C.F.R. §§ 1500-1508.

**C. ICTA Petition**

On February 28, 2008, ICTA filed its Petition with CEQ, requesting that CEQ do the following: (1) amend its NEPA regulations to include language clarifying those regulations to require that climate change effects be addressed in NEPA compliance documents; and (2) issue a CEQ Guidance Memorandum clarifying that NEPA and CEQ regulations require that climate change effects be addressed in NEPA compliance documents.

**D. CEQ's Response to the Petition**

On August 7, 2014, CEQ responded to the Petition. *See* Attachment 1 hereto. CEQ denied the Petition, and in doing so complied with the requirement to provide a "brief statement" of the grounds for denial. 5 U.S.C. § 555(e). CEQ stated that it appreciated and shared ICTA's

concern about the impacts of climate change on the environment, and summarized the broad range of actions that CEQ and the current Administration have already taken to address the effects of climate change. CEQ explained that, in light of the other actions CEQ and the Administration were pursuing, CEQ did not believe that revising its NEPA regulations was necessary or the best use of its resources at this time when existing regulations are adequate to advance NEPA compliance. CEQ also identified that it has an ongoing process in which it has proposed and sought comment on draft guidance.[3] CEQ is considering how to proceed in light of the comments it received. CEQ therefore declined to amend its NEPA regulations or issue the guidance as requested by the Petition.

## II. ARGUMENT

In light of the issuance of CEQ's response to the Petition, Plaintiffs' claims regarding the alleged failure to act on the Petition are moot. Accordingly, this case should be dismissed.

The Court's "judicial Power" under Article III extends only to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988) (holding that under the Constitution, a federal court is authorized only to adjudicate "actual, ongoing controversies"); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The Supreme Court has made it clear that "no justiciable controversy is presented . . . when the parties are asking for an advisory opinion, [or] when the question sought to be adjudicated has been mooted by subsequent

[3] On February 18, 2010, CEQ issued for public comment a "Draft Guidance for Greenhouse Gas Emissions and Climate Change," which described how agencies should analyze GHG emissions and climate change impacts in NEPA reviews. *See* Council on Environmental Quality, Draft NEPA Guidance on Consideration of the Effects of Climate Change and Greenhouse Gas Emissions (Feb. 2010), *available at* http://www.whitehouse.gov/sites/default/files/microsites/ceq/20100218-nepa-consideration-effects-ghg-draft-guidance.pdf.

developments . . . ." *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (footnotes omitted); *see Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (stating that the Court may not "give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732-33 (2008).

Mootness is grounds for dismissal precisely because of the absence of a case or controversy. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam). A matter becomes moot and must be dismissed "if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *21st Century Telesis Joint Venture v. FCC*, 318 F.3d 192, 198 (D.C. Cir. 2003) (internal quotation marks and citation omitted). A live controversy does not exist when "the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citation omitted). Accordingly, if an event occurs while a case is pending that makes it impossible for the court to grant "any effectual relief whatever" to a prevailing party, the case must be dismissed. *See Mills*, 159 U.S. at 653; *accord, e.g.*, *Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 950 (D.C. Cir. 2005); *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."); *Burlington N. R.R., v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1988).

Consistent with these principles, courts in this jurisdiction have consistently recognized that an agency's decision on a petition moots any claim that the agency has unlawfully withheld or unreasonably delayed its response. For example, in *California Native Plant Society v. Norton*,

311 F. Supp. 2d 9 (D.D.C. 2004), this Court held that the plaintiff's complaint challenging the U.S. Fish and Wildlife Service's alleged failure to respond to a petition was moot when the agency issued a letter that served as the final decision regarding the plaintiff's petition. *Id.* at 13. Likewise, in *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200 (D.C. Cir. 2013), the D.C. Circuit found that because the agency had taken action on a petition that sought "precisely the same thing" as an earlier petition, the plaintiffs' claims were moot because they "obtained all the relief that they sought." *Id.* at 1204; *see also Franks v. Salazar*, 816 F. Supp. 2d 49, 56 (D.D.C. 2011) (agency had finished processing plaintiffs' permit applications, so plaintiffs already received the specific relief requested and the Court could afford plaintiffs no further relief on their failure-to-process claims, thereby rendering those claims moot); *Garcia v. Winter*, 692 F. Supp. 2d 1, 4-5 (D.D.C. 2010) (finding that a claim that the agency had not responded to the plaintiff's request became moot after the agency issued a decision); *Friends of Animals v. Salazar*, 670 F. Supp. 2d 7, 11-12 (D.D.C. 2009) (because defendants took the action of making the finding that the plaintiffs requested in their petition, the plaintiffs' claim for injunctive relief was moot).

This case is analytically indistinguishable from *California Native Plant Society* and *Conservation Force* and, therefore, it should also be dismissed as moot. Plaintiffs' Complaint challenges the failure by CEQ to respond to the Petition and seeks relief in the form of an order compelling a response to the Petition. By responding to the Petition, CEQ has rendered the Complaint moot because there is no other relief the Court can order. *See Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982) (noting that a court "can hardly order the [agency] . . . to do something that it has already done."); *see also Fund for Animals v. Williams*, 311 F. Supp. 2d 1, 8 (D.D.C. 2004) (holding agency's

issuance of ninety-day finding effectively provided plaintiff with the requested relief, rendering Endangered Species Act claim moot) , *aff'd sub nom. Fund For Animals, Inc. v. Hogan*, 428 F.3d 1059 (D.C. Cir. 2005). Any decision by this Court regarding the alleged failure to respond to the Petition would be a "purely advisory opinion" that is prohibited by Article III. *Flast*, 392 U.S. at 95.

Plaintiffs' request for a declaratory judgment is also moot, and must be dismissed because "[t]he Article III case or controversy requirement is as applicable to declaratory judgments as it is to other forms of relief." *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985). "When there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," a request for declaratory relief is moot. *Preiser*, 422 U.S. at 402 (internal quotation marks, alteration, and citation omitted). In this case, there is no remaining controversy at all. To the contrary, Plaintiffs have received the relief they hoped to obtain if they had fully litigated the case and obtained a favorable judgment. *See Natural Res. Def. Council*, 680 F.2d at 813-14 (finding the plaintiff "has obtained everything that it could recover" by a judgment in its favor, therefore declaratory judgment is improper because it cannot affect the result).

Finally, this Court's decision in *Conservation Force v. Salazar*, 715 F. Supp. 2d 99 (D.D.C. 2010), is illustrative. There, the Court held that a challenge to the U.S. Fish and Wildlife Service's alleged failure to process applications for permits to import endangered Canadian wood bison that had been sport-hunted was moot when the Service denied the plaintiffs' applications after the plaintiffs filed their complaint. *Id.* at 105. Although the Service had acted on their permit applications, the plaintiffs continued to argue that the delay in processing their applications was a violation of the Endangered Species Act and the U.S.

Constitution. *Id*. The Court rejected the plaintiffs' claim, finding that because the permit applications had been processed, the parties are "no longer legally adverse to one another, and there no longer exists any immediate, actual dispute that warrants declaratory relief. Indeed, the relief plaintiffs seek--a declaration that a failure to act timely on permit applications is unlawful--would be an improper advisory opinion." *Id*. The result should be the same in this case.

Therefore, this Court can afford no relief to Plaintiffs, and their claims should be dismissed as moot.

## CONCLUSION

For the foregoing reasons, the Court should find that Plaintiffs' claims are moot and dismiss their Complaint.

Respectfully submitted this 8th day of August, 2014,

SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division

*/s/ Beverly Li*
BEVERLY LI
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 353-9213
Fax: (202) 305-0506
beverly.li@usdoj.gov

RONALD C. MACHEN
United States Attorney

*Attorney for Federal Defendants*

**ATTACHMENTS**

| **Exh. No.** | **Description** |
|---|---|
| 1 | CEQ's Response to a Petition for Rulemaking and Issuance of Guidance to Require Inclusion of Climate Change Analyses in NEPA Documents (Aug. 7, 2014) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2014, I electronically filed the foregoing Defendants' Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will effect service on the following:

Peter T. Jenkins
pjenkins@centerforfoodsafety.org

George Kimbrell
gkimbrell@centerforfoodsafety.org

Aurora Paulsen
apaulsen@centerforfoodsafety.org

Attorneys for Plaintiffs

*/s/ Beverly Li*
Attorney for Federal Defendants